KURATNIK v. ILLINOIS STEEL COMPANY.

[No. 13,037. Filed January 2, 1928. Rehearing denied April 6, 1928.]

358

*D. P. Sevald* and *Fred Barnett*, for appellant.
*Knapp & Campbell* and *Paul B. Conaghan*, for appellee.

REMY, C. J.—Michael Kuratnik lost his life as the result of an accident which arose out of and in the course of his employment by appellee. Thereafter, Fred Barnet and Dominic Sevald, attorneys at law of the Lake county bar, purporting to represent appellant, deceased's widow, who was a resident of the Republic of Poland, filed with the Industrial Board an application for compensation. On September 23, 1926, the cause was set for hearing before Edgar A. Perkins a member of the board. The attorneys appeared, but their authority to prosecute the claim being challenged, and they having failed to make proof of such authority, the application was ordered dismissed. Thereupon, appellant, through her said attorneys, made application for a review before the full board. Prior to the hearing before the full board, attorney Sevald caused to be filed with the Industrial Board an instrument duly executed by appellant, appointing Z. Kurnikowski, who is the consul general of the Republic of Poland at Chicago, Illinois, as her attorney in fact, with full authority "to institute and defend actions and any other proceedings in any court within the United States of America, to

prosecute, defend and protect" her rights in all matters wherein she might be "in any manner concerned as plaintiff, defendant or otherwise," giving such attorney in fact "any authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises," as fully as she might do if personally present, "with full power of substitution and revocation, and ratifying all that said attorney in fact or his substitute may lawfully do." With the power of attorney, and at the same time, attorney Sevald produced and caused to be filed with the Industrial Board the duly authenticated certificate of Z. Kurnikowski showing the employment and appointment of Dominic Sevald "to represent Evdokia Kuratnik before the Industrial Board of Indiana, in the matter of her claim for compensation as widow of Michael Kuratnik." The power of attorney and the certificate of the attorney in fact authorizing attorney Sevald to represent appellant are made a part of the record in this cause. The attorney also filed his written appearance in the cause as follows: "The plaintiff, through the consul general of the Republic of Poland, attorney in fact, by his attorney D. P. Sevald, enters his appearance herein."

When the cause was called for hearing before the full board, Sevald was present for the purpose of acting as attorney for appellant in the prosecution of her claim, but his right to do so was again challenged by appellee, the objection being that he had not made sufficient proof of his authority to act as such attorney. The board, by a majority of its members, sustained the objection, and upon refusal of said attorney to make further proof, the application was dismissed. From the order of dismissal, this appeal is prosecuted.

The application for compensation having been made on behalf of one not a resident of the United States, and

who was not present either when the application ▓▓ was filed or at the hearing, the Industrial Board was well within its rights in requiring the attorney to make proof of his authority to prosecute the claim. We do not, however, concur in the view that the proof furnished by the attorney was not sufficient. On the contrary, we hold that the power of attorney and the certificate of the attorney in fact appointing Sevald to represent him and to act as attorney for applicant, when taken together, were ample proof of his authority to represent the applicant in the proceeding. See *Neenan* v. *Industrial Com.* (1928), 160 N. E. (Ill.) 218, 221.

Reversed.